

U.S. Department of Justice

Ronald C. Machen Jr.
United States Attorney

*District of Columbia*

_____

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

September 14, 2011

Stephen Brennwald, Esq.
922 Pennsylvania Avenue, S.E.
Washington, D.C.
sfbrennwald@cs.com

# FILED

## SEP 1 6 2011

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

Re:   **United States v. Tavia Crudup**
      **Case No. 11-186 (JDB)**

Dear Mr. Brennwald:

This letter sets forth the full and complete plea offer to your client, Tavia Crudup, from the Criminal Division of the Office of the United States Attorney for the District of Columbia (hereinafter also referred to as "the Government" or "this Office"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below. Upon receipt of the executed document, this letter will become the Plea Agreement. The terms of the offer are as follows:

## Charges and Statutory Penalties

1.      Your client agrees to plead guilty to one count of Tampering with Evidence, in violation of 18 U.S.C. § 1512(c)(1); and to one count of Obstruction of the Enforcement of § 1591(d), as set forth in Counts Four and Five in a pending Indictment.

2.      Your client understands that pursuant to Title 18 U.S.C. § 1512(c)(1), the offense of Tampering with Evidence carries a maximum sentence of up to 20 years' imprisonment, a fine of $250,000 or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), an obligation to pay any applicable interest or penalties on fines not timely made and a term of up to 3 years of supervised release pursuant to 18 U.S.C. § 3583(b)(2). Your client further understands that pursuant to Title 18 U.S.C. § 1591(d), the offense of Obstruction of the Enforcement of § 1591(d) carries a maximum sentence of up to 20 years' imprisonment, a fines of $250,000 each or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), an obligation to pay any applicable interest or penalties on fines not timely made and a term of up to 3 years of supervised release pursuant to 18 U.S.C. § 3583(b)(2). In addition, your client agrees to pay a special assessment of $100 per felony conviction to the Clerk of the United States District Court for the District of Columbia prior

to the date of sentencing. Your client also understands that pursuant to 18 U.S.C. § 3572 and § 5E1.2 of the Sentencing Guidelines, the Court may also impose a fine that is sufficient to pay the federal government the costs of any imprisonment, term of supervised release and period of probation. Further, your client understands that if your client has two or more convictions for a crime of violence or felony drug offense, your client may be subject to the substantially higher guideline penalties provided for in the career offender statutes and provisions of the Sentencing Guidelines.

3.      In consideration of your client's plea to the above offense, your client will not be further prosecuted criminally by this Office for the conduct set forth in the attached Statement of the Offense.

**Recommendation as to Appropriate Sentence**

4.      Your client and the Government agree that a sentence of 12 months and one day of incarceration is the appropriate sentence for the offenses to which your client is pleading guilty. The Government also agrees, pursuant to Rule 11(c)(1)C of the Federal Rules of Criminal Procedure, to present this plea agreement between the parties to the Court for its approval. If the Court accepts the plea agreement and the specific sentence agreed upon by the parties, then the Court will embody in the judgment and sentence the disposition provided for in this plea agreement, pursuant to Rule 11(c)(4) of the Federal Rules of Criminal Procedure. The parties understand, however, that in light of other factors the Court may not agree that such a sentence is an appropriate one and may reject the plea agreement pursuant to Rule 11(c)(5) of the Federal Rules of Criminal Procedure. Your client understands that if this happens, the Court, in accordance with the requirements of Rule 11(c)(5), will inform the parties of its rejection of the plea agreement, and will afford your client an opportunity to withdraw the plea, or if your client persists in the guilty plea will inform your client that a final disposition may be less favorable to your client than that contemplated by this agreement. Your client further understands that if the Court rejects the plea agreement, the government also has the right to withdraw from the agreement and to be freed from all obligations under the agreement, and may in its sole discretion bring different or additional charges before the defendant enters any guilty plea in this case. This agreement with respect to the appropriate sentence affects only incarceration. The otherwise applicable statutory and Guideline provisions are applicable to other sentencing incidents, specifically fines and terms of supervised release.

5.      Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw her plea, and the government not exercise its right to withdraw from the agreement, your client and the Government agree to the following: Your client will be sentenced upon consideration of the United States Sentencing Guidelines. The Government agrees that it will not seek an upward departure from the otherwise applicable guideline range established by the Sentencing Guidelines  Your client understands and acknowledges that the terms of this paragraph apply only to conduct that occurred prior to the execution of this agreement. Should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's  base offense level or justify an upward departure (examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while

2

pending sentencing, and false statements to law enforcement agents, the probation officer or Court), the Government is free under this agreement to seek an increase in the base offense level based on that post-agreement conduct.

### Factual Stipulations

6.      Your client agrees that the attached "Statement of the Offense" fairly and accurately describes your client's actions and involvement in the offense to which your client is pleading guilty. It is anticipated that prior to or during the plea hearing, your client will adopt and sign the Statement of the Offense as a written proffer of evidence.

### Sentencing Guidelines

7.      Your client understands that the sentence in this case will be determined by the Court, pursuant to the factors set forth in 18 U.S.C. § 3553(a), including a consideration of the guidelines and policies promulgated by the United States Sentencing Commission, Guidelines Manual 2010 (hereinafter "Sentencing Guidelines" or "U.S.S.G."). Pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), and to assist the Court in determining the appropriate sentence, the parties stipulate to the following. However, nothing in this agreement is to be read as precluding either party from arguing for or against the applicability of any other specific offense characteristics and/or adjustment to the defendant's base offense level that is not specifically referenced in the agreement.

### A.  Offense Level Under the Guidelines

### Sections 2J1.2 (Obstruction of Justice)/2X3.1 (Accessory After the Fact)

| | |
|---|---|
| **Estimated Base Offense Level** | **24** |

Based on the following offense level and characteristics:
Sex Trafficking of Children/Interstate Transportation of a Minor for Prostitution - Section 2G.1.3

| | |
|---|---|
| Estimated Base Offense Level | 28 |
| Applicable Specific Offense Characteristics | |
| 2G1.3(b)(4) commercial sex act | + 2 |

### Release/Detention

8.      Your client agrees not to object to the Government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case and that if a term of incarceration is imposed that he will not seek to be released after sentencing.

### Waiver of Rights

9.     In entering this plea of guilty, your client understands and agrees to waive certain rights afforded to your client by the Constitution of the United States and/or by statute, including: the right against self-incrimination with respect to the offense to which your client is pleading guilty; the right to an indictment; the right to be tried by a jury, or by a judge sitting without a jury; the right to be assisted by an attorney at trial; and the right to confront and cross-examine witnesses. Your client further agrees that the District Judge should make any Sentencing Guidelines determinations.

### Court Not Bound by the Guidelines

10.     Your client understands should the Court not accept the recommended sentence of 12 months and one day of incarceration and your client not withdraw her plea, and the government not exercise its right to withdraw from the agreement, sentence in this case will be imposed in accordance with 18 U.S.C. §§ 3553(a) through (d), upon consideration of the United States Sentencing Commission's Guidelines Manual. Your client further understands that in that case, the sentence to be imposed is a matter solely within the discretion of the Court. Your client acknowledges that the Court is not obligated to follow any recommendation of the Government at the time of sentencing.

### Reservation of Allocution

11.     Your client understands that subject to the provisions of this agreement with respect to a recommended sentence, this Office reserves its full right of allocution for purposes of sentencing in this matter if the Court does not impose the sentence recommended by the parties. Should the Court not agree that the sentence agreed upon by the parties is appropriate, and your client not withdraw her plea, and the government not exercise its right to withdraw from the agreement, the United States reserves its right to recommend a specific period of incarceration and fine up to the maximum sentence of incarceration and fine allowable by law. In addition, if in this plea agreement the Government has agreed to recommend or refrain from recommending to the Court a particular resolution of any sentencing issue, the Government reserves its right to full allocution in any post-sentence litigation in order to defend the Court's ultimate decision on such issues. Your client further understands that the Government retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. In addition, your client acknowledges that the Government is not obligated and does not intend to file any downward departure sentencing motion under § 5K1.1 of the Sentencing Guidelines, 18 U.S.C. § 3553(e), or any post-sentence downward departure motion in this case pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure.

### Wiring of Plea Agreement

12.     Your client understands and acknowledges that this Agreement and any plea of guilty which your client may enter pursuant to this Plea Agreement are contingent upon the entry of a guilty

plea by and conviction of Robert Brathwaite in Criminal Case No. 11-186 (JDB), which is currently pending in the U.S. District Court for the District of Columbia. If Mr. Brathwaite fails to enter a guilty plea or the Court fails to convict Mr. Brathwaite in his pending case in the U.S. District Court for the District of Columbia, this Agreement and any proceedings pursuant to this Agreement shall be withdrawn or voided.

### Restitution

13.     In addition to the other penalties provided by law, the Court may also order that your client make restitution under 18 U.S.C. § 3663A. Restitution is payable immediately unless ordered otherwise by the Court.

### Breach of Agreement

14.     Your client understands and agrees that if, after entering this Plea Agreement, your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this Plea Agreement, or engages in any criminal activity prior to sentencing, your client will have breached this Plea Agreement. In the event of such a breach: (a) the Government will be free from its obligations under the Agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes, including perjury and obstruction of justice; and (d) the Government will be free to use against your client, directly and indirectly, in any criminal or civil proceeding, all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this Agreement or during the course of any debriefings conducted in anticipation of, or after entry of this Agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

15.     Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules.

16.     Your client understands and agrees that the Government shall only be required to prove a breach of this Plea Agreement by a preponderance of the evidence. Your client further understands and agrees that the Government need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this Plea Agreement.

17.     Nothing in this Agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this Agreement or committed by your client after the execution of this Agreement. Your client understands and agrees that the Government reserves the right to prosecute your client for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under

this Agreement shall constitute a breach of this Agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

### **Waiver of Statute of Limitations**

18.    It is further agreed that should the conviction following your client's plea of guilty pursuant to this Agreement be vacated for any reason, then any prosecution that is not time-barred by the applicable statute of limitations on the date of the signing of this Agreement (including any counts that the Government has agreed not to prosecute or to dismiss at sentencing pursuant to this Agreement) may be commenced or reinstated against your client, notwithstanding the expiration of the statute of limitations between the signing of this Agreement and the commencement or reinstatement of such prosecution. It is the intent of this Agreement to waive all defenses based on the statute of limitations with respect to any prosecution that is not time-barred on the date that this Agreement is signed.

### **Complete Agreement**

19.    No other agreements, promises, understandings, or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, defense counsel, and an Assistant United States Attorney for the District of Columbia.

20.    Your client further understands that this Agreement is binding only upon the Criminal and Superior Court Divisions of the United States Attorney's Office for the District of Columbia. This Agreement does not bind the Civil Division of this Office or any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against your client.

Sincerely yours,

RONALD C. MACHEN JR.
United States Attorney

Julieanne Himelstein
Assistant United States Attorney

David B. Kent
Assistant United States Attorney

6

## DEFENDANT'S ACCEPTANCE

I have read this plea agreement and have discussed it with my attorney, Stephen Brennwald, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings, or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 9\16\2011                          _____
                                         Tavia Crudup
                                         Defendant

## ATTORNEY'S ACKNOWLEDGMENT

I have read each of the pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely sets forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 9-16-11                            _____
                                         Stephen Brennwald, Esquire
                                         Attorney for the Defendant